(89 Misc. Rep. 551)

In re BOARD OF WATER SUPPLY OF CITY OF NEW YORK.

(Supreme Court, Special Term, Ulster County. March, 1915.)

EMINENT DOMAIN ⬦⟞141—CONDEMNATION—DAMAGES—ACQUISITION OF LAND FOR RESERVOIR.

An award made by a business damage commission, on a claim for damages to the business of truck farming and raising produce carried on on land situated in a reservoir district, was erroneous, where based on a finding that, since the land was used for a home, as well as for business purposes, the business should bear half the usable value of the land; a more proper award being one in which the farm business is charged with the capital invested, interest at 5 per cent., and all it costs to maintain and operate it, and is credited with the value of all it produces.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 372–376; Dec. Dig. ⬦⟞141.]

In the matter of the application of the Board of Water Supply of the City of New York, under Laws 1905, c. 724, and acts amendatory thereof. On motion by petitioner, the City of New York, to reject the report of the Business Damage Commission No. 2 as to the claim of Augustus Green, and to dismiss the same. Ordered that report of the commission be set aside and claim referred to a commission composed of certain members.

Frank L. Polk, Corp. Counsel, and William McM. Speer, Special Counsel, both of New York City, for City of New York.

Brown & Slosson, of New York City, for claimant.

HASBROUCK, J. Business Damage Commission No. 2 filed its report as required by law, and motion was made to confirm it, re-

turnable at Ulster Special Term February 6, 1915, except that the petitioner, the city, moves to reject the report as to the claim of the above-named Augustus Green and to dismiss the same. Green made a claim for damage to the business that he had carried on before and on June 1, 1905, on a certain parcel of land situate in the reservoir district of the Ashokan dam. The character of the business described is that of truck farming and produce. The commission made an award to compensate him for his damages in the sum of $450. In connection with the award the commission wrote an opinion in which they stated, among other things, that:

"While using this parcel for business purposes, the claimant also used it for the home of himself and family. In our opinion, the business should bear half the usable value of the land, which we have charged against the same."

The objection of the city is that this determination is wrong in principle and theory. The city claims that the business should be charged with the whole usable value of the land. The difference of opinion arising upon what should be charged against the farming business makes it necessary to inquire into the nature of the business.

Farming in the neighborhood of the Ashokan reservoir is ordinarily carried on upon lands upon which the farmer and his family live. The operation of a farm contemplates activity all the year round. There are crops to cultivate, harvest, store, and dispose of by consumption or sale. There are horses, live stock, and chickens to attend to and care for and dispose of. It must be conceded that, in ascertaining the value of a farm business, one of two considerations should obtain as to the capital invested in the land. Against the business there should be charged a fair interest on the capital or the rental value of the land. It has been said by a great political economist that a dwelling house upon the lands constitutes no part of the farmer's capital. See Adam Smith's Wealth of Nations (Ed. 1870) 222. That might be so in some communities in Europe, where in feudal or dangerous times the dwelling of the farmer was in a nearby village and not on his lands. But in this vicinity the rule is that the dwelling house is located on the farm. So located, it is an extremely necessary complement of an economical farm business.

There can be no doubt as to the general principles which should guide us in ascertaining the value of a farm business. The farm business should be charged with all it costs to maintain and operate it. It should be credited with the value of all it produces. If the value of the product should be greater than the cost of operation, the balance would be the profit. In the case at bar the claimant kept no books, and there is no evidence bearing directly upon the value of the crops or increase in live stock and poultry. The testimony, however, shows the number of cattle, calves, horses, colts, and hens. It shows, also, the amount of cash received for the year 1905 from the sale of products to be $849.21. It shows, also, items of expense, like the cost of feed not raised on the farm, services of a hired man, of the husband and wife, of team drawing produce to market, repairs, taxes, etc.

For the purpose of showing in what manner the value of a farm

business might be computed, I have set down the items appearing in the testimony in the case at bar:

Charges.—Capital invested in buildings and land (interest at 5 per cent.) ; capital invested in farming implements, live stock, and fodder (interest at 5 per cent.); value of services of proprietor; value of services of wife; value of services of hired help; team drawing produce; supplies, such as extra feed, etc.; repairs; taxes, general and school; insurance.

Credits, 1905.—Sale of farm products, crops, animals, chickens; food and lodging, farmer, wife, and child; lodging and maintenance, hired help; maintenance of 10 cows a year; maintenance of 4 calves a year; maintenance of 2 horses a year; maintenance of 2 colts a year; maintenance of 105 hens.

To return to the point of the objection, it seems to me, in the case at bar, at least, improper to charge the business with one-half of the value of the rental value of the farm. A more just and a more correct result should follow from the use of the charges and credits above indicated. In criticism of the above items it might be said it is not possible that all of the extra feed and supplies necessary to run Green's farming business costs but $20. On the other hand, $260 is a low estimate for the maintenance of a husband and wife and child. So, too, the whole value of the wife's services ought not to be charged against the business, for part of them are directed to housekeeping, conferring no benefit upon the business.

The report of the commission is set aside, and the claim referred to the commission composed of Chadbourne, Lefever, and Snyder.

Ordered accordingly.